## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER GOINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2549** |
| **JOSEPH P. LOPINTO, III** | **DIVISION "5"** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Prosecute filed by Defendant, Joseph P. Lopinto, III. (Rec. doc. 27). Plaintiff, Tyler Goings, filed no opposition to the motion. Having reviewed the pleadings and the case law, the Court rules as follows.

## I.      Background

The underlying substantive facts are detailed in an earlier opinion of this Court and need not be repeated here. *Goings v. Lopinto*, Civ. A. No. 22-2549, 2023 WL 2709826 (E.D. La. Mar. 30, 2023).

Procedurally, on August 7, 2022, Goings filed this lawsuit against Joseph P. Lopinto, III in his official capacity as Sheriff of Jefferson Parish. Goings sought a declaratory judgment, equitable relief, and monetary damages to secure protection against and to redress unlawful discrimination on the basis of gender and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended ("Title VII"), and the Louisiana Employment Discrimination Law, codified as Louisiana Revised Statutes §§ 23:332 *et seq.* and 51:2256.

On October 14, 2022, Defendant filed a motion to dismiss. (Rec. doc. 6). This Court granted that motion in part, dismissing as prescribed Goings' claim under Louisiana Revised Statute § 51:2256. (Rec. doc. 14). All other claims remained in the lawsuit. This Court thus issued a Scheduling Order. (Rec. doc. 19).

On January 12, 2024, Goings' counsel moved to withdraw, citing Goings' failure to communicate with her by regular mail, telephone, or email. (Rec. doc. 21). In her motion to withdraw, Goings' counsel provided a last known email address, telephone number, and residential address for Goings. (*Id.*). This Court granted the motion to withdraw on January 16, 2024. (Rec. doc. 22).

Counsel for Defendant then attempted to contact Goings at his last known email address (typ822@icloud.com), phone number (504-621-7819), and residential address (520 Whispering Creek Ave., Freeport, FL 32439). The email was returned as undeliverable, and the phone number was not a correct number for Plaintiff. (Rec. doc. 27-3 at 1-2). With deadlines fast approaching, Defendant moved to continue all pretrial and trial deadlines. (Rec. doc. 23). Defendant mailed a copy of its motion to continue to Goings' last known address on or about January 19, 2024 via certified mail. (Rec. doc. 27-3 at 3-7). The correspondence was returned as unclaimed and unable to be forwarded. (*Id.*). Goings has not provided any updated contact information to the Court or undersigned counsel.

Earlier, through counsel, Defendant had propounded Interrogatories and Requests for Production of Documents to Goings and, as of the date of this motion, Defendant has not received Goings' responses to its discovery requests. This Court ultimately held a telephonic status conference on February 7, 2024 in response to Defendant's motion to continue. (Rec. doc. 25). Goings failed to appear for the conference, despite this Court's warning that the failure to appear could result in the dismissal of his claims for failure to prosecute. (Rec. docs. 24, 25). Since the conference, Goings has not attempted to contact counsel for Defendant and has not participated in discovery nor filed any pleadings with the Court.

Defendant now seeks dismissal of Goings' claims against it due to Goings' failure to prosecute his case.

## II.    Law and Analysis

The authority of a federal trial court to dismiss a plaintiff's action due to a failure to prosecute is clear. *Robinson v. Rabb*, No. CV 23-5865, 2023 WL 9380575, at *1 (E.D. La. Dec. 26, 2023), *report and recommendation adopted*, 2024 WL 263557 (E.D. La. Jan. 24, 2024) (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This dismissal operates as an adjudication on the merits. *Id.* In addition, this Court's Local Rule 11.1 states that an "attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." E.D. La., Loc. R. 11.1.

To determine whether to dismiss a case, courts have considered the extent to which the plaintiff himself has been responsible for any delay or failure to comply with a rule or order. *Markwell v. Cty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). The Fifth Circuit has held that the failure of a *pro se* litigant to notify the court of an address change may be considered as a cause for dismissal for failure to prosecute. *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007). A *pro se* litigant is not exempt from compliance with either procedural or substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Goings has failed to comply with this Court's Local Rules to update the Court with his contact information.  His counsel withdrew due to his failure to communicate with her for several months preceding the motion to withdraw.  (Rec. Doc. 21-1).  Goings has made no attempt to file any pleadings, contact the Court or Defendant's counsel, participate in discovery, or otherwise take part in the lawsuit that he initiated against Defendant.  Due solely to Goings' inaction in failing to update the Court and Defendant's counsel with his contact information and in failing to take any actions to participate in this case, the Court finds that dismissal of Goings' claims is now appropriate.  Without any updated contact information, there is no chance for this lawsuit to move forward to a just and speedy resolution, and this Court warned Goings that failure to heed this Court's orders and participate in this lawsuit would lead to a dismissal for failure to prosecute.  (Rec. doc. 24).  Goings' claims against Defendant shall be dismissed by this Court for failure to prosecute.  *See Dupre v. Webre*, No. CV 21-1847, 2022 WL 994891, at *1 (E.D. La. Mar. 8, 2022), *report and recommendation adopted*, 2022 WL 991771 (E.D. La. Apr. 1, 2022).

This Court must now determine whether the dismissal shall be with or without prejudice.  The Fifth Circuit has made clear that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim and is only proper under Rule 41(b) when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined lesser sanctions would not prompt diligent prosecution, or the district court employed lesser sanctions that proved to be futile.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2 1513, 1519-21 (5th Cir. 1985).  The Fifth Circuit has further explained that for dismissal with prejudice to be appropriate, generally at least one of three

"aggravating factors" must also be present: (1) the delay was caused by the litigant himself and not his attorney; (2) there was actual prejudice to the other party; or (3) the delay was caused by intentional conduct. *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

After careful and thorough consideration of the facts of this case, along with the factors a federal district court must weigh when working to achieve a just result under Rule 41(b), the Court concludes that dismissal with prejudice is the correct result in this case. Dismissal with prejudice is warranted because there is a clear pattern of delay and contumacious conduct by Goings, who ceased communicating with his attorney at least as of October 17, 2023. (Rec. doc. 21-1 at 1). Goings himself caused any delay here, not his attorney. And despite the deadlines in the Scheduling Order, and even when Goings was represented, he has never participated in discovery in this lawsuit, simply ignoring all pleas by his attorney that he needed to do so. Goings never provided an expert report by the deadline, nor did he produce a witness or exhibit list to Defendant, who simply has no information regarding Goings' claims.[1] Defendant has demonstrated actual prejudice because he has absolutely no information to defend against Goings' claims at a trial.[2]

Moreover, this Court cannot determine whether any lesser sanction may work because Goings is wholly incommunicado. Indeed, facing the unenviable task of determining whether the ultimate sanction – dismissal of Goings' case – is warranted, the Court has

---

[1] Defendant informed the Court at the telephonic status conference that it had envisioned filing a motion for summary judgment, but it simply had no information from Goings with which to do so.

[2] The Court notes that Defendant filed its motion to continue all deadlines because it could not have met its *own* obligations under the Scheduling Order.

received no response or opposition from Goings to Defendant's motion to dismiss.[3]   The Court has received nothing from Plaintiff to help the Court understand, from Goings' perspective, why the Court should not grant this fatal motion.   Rather, Goings has failed to act at all in response to Defendant's motion – a motion that seeks to dismiss his case for a lack of action.   Goings has offered no evidence of excusable neglect or any explanation to rebut the presumption – or to rebut Defendant's direct evidence in the record – that his failures have caused prejudice to Defendant.

Thus, after carefully considering all of the relevant factors, and the totality of the circumstances in this case, the Court finds dismissal with prejudice under Federal Rule of Civil Procedure 41(b) is appropriate.   Indeed, while the Court is mindful of the seriousness of this result, for the Court to find otherwise would result in an injustice to Defendant.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss for Failure to Prosecute (rec. doc. 27) is **GRANTED**, and Plaintiff Tyler Goings' claims against Defendant Joseph Lopinto, III are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ____3rd____ day of _____April_____, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court also notes that Goings failed to respond to his counsel's earlier motion to withdraw.